IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re:<br><br>BRAZOS ELECTRIC POWER COOPERATIVE, INC.,[1]<br><br>Debtor. | Chapter 11 No. 21-30725 (DRJ) |
| BRAZOS ELECTRIC POWER COOPERATIVE, INC., *et al.*,[2]<br><br>Plaintiffs/Appellees,<br><br>v.<br><br>ELECTRIC RELIABILITY COUNCIL OF TEXAS, INC., *et al*.,[3]<br><br>Defendants/Appellants. | Adv. Proc. No. 21-03863 (DRJ)<br><br><br><br>Civil Action No. 4:21-cv-03692 |

**APPELLANTS' REPLY IN SUPPORT OF THEIR MOTION FOR LEAVE TO APPEAL**

---

[1] The Debtor in this chapter 11 case, along with the last four digits its federal tax identification number is: Brazos Electric Power Cooperative, Inc. (4729). Additional information regarding this case may be obtained on the website of the Debtor's proposed claims and noticing agent at http://cases.stretto.com/Brazos. The Debtor's address is 7616 Bagby Avenue, Waco, TX 76712.

[2] The Plaintiff-Intervenors in this Adversary Proceeding are: the Official Committee of Unsecured Creditors, Mid-South Electric Cooperative Association; Denton County Electric Cooperative, Inc., d/b/a CoServ Electric; United Electric Cooperative Services, Inc., d/b/a United Cooperative Services; Tri-County Electric Cooperative, Inc.; Bartlett Electric Cooperative, Inc.; Comanche County Electric Cooperative Association; Cooke County Electric Cooperative Association, Inc. d/b/a PenTex Energy; Hamilton County Electric Cooperative Association; Heart of Texas Electric Cooperative, Inc.; J-A-C Electric Cooperative, Inc.; Navasota Valley Electric Cooperative, Inc.; and Wise Electric Cooperative, Inc.

[3] The Defendant-Intervenors in this Adversary Proceeding are: Calpine Corporation; Tenaska Power Services Co.; NRG Energy, Inc.; ENGIE Energy Marketing NA, Inc.; Talen Energy Supply, LLC; Golden Spread Electric Cooperative, Inc.; South Texas Electric Cooperative; and NextEra Energy Marketing, LLC.

1

Electric Reliability Council of Texas, Inc. ("ERCOT") and Defendant-Intervenors Calpine Corporation, NRG Energy, Inc., ENGIE Energy Marketing NA, Inc., Talen Energy Supply, LLC, and NextEra Energy Marketing, LLC (collectively, "Appellants") file this *Proposed Reply in Support of Their Motion for Leave to Appeal*.

## INTRODUCTION

Debtor Brazos Electric Power Cooperative Inc.'s ("Brazos") primary claims in this adversary proceeding present questions within the exclusive province of Texas state courts and are an affront to the authority of the Public Utility Commission of Texas ("PUCT"). Immediate appeal is required to prevent the bankruptcy court from disrupting Texas's comprehensive electric-regulatory regime and adjudicating many claims that require joinder of the immune PUCT. Brazos's *Response in Opposition to ERCOT et al.'s Motion for Leave to Appeal the Order Granting in Part and Denying In Part Defendant's Motion to Dismiss and for Abstention* [Dkt. No. 3] ("Response") ignores the requirements of 28 U.S.C. § 1292(b) and otherwise fails to rebut that Appellants have met each of the statute's elements for interlocutory review.

As a preliminary matter, Brazos's contention that neither *Burford* abstention nor a party's indispensability may be appealed under 28 U.S.C. § 1292(b) is without support in this Circuit. Indeed, the Fifth Circuit recently allowed a § 1292(b) appeal regarding indispensable parties, and several other circuits have permitted § 1292(b) appeals of *Burford* abstention rulings. More broadly, the Fifth Circuit has never adopted Brazos's "pure question of law" test for appealability. Instead, it has *rejected* the notion that determinations within a trial court's discretion cannot be appealed under § 1292(b).

Additionally, as interlocutory reversal would result in the dismissal of most—and the most complicated—of Brazos's claims, the questions at issue are controlling. For the same reason, their

resolution would advance the termination of this litigation by narrowing the scope of trial. And there is substantial ground for a difference of opinion on both the *Burford* abstention and the Rule 12(b)(7) questions because the bankruptcy court's ruling is inconsistent with cases decided by the Supreme Court and Fifth Circuit in similar circumstances.

This Court should grant leave to appeal these important questions.

## ARGUMENT AND AUTHORITIES

**I.     Both *Burford* abstention and the indispensability of an unjoined party are appropriate for interlocutory review.**

Brazos does not deny that the questions presented—*Burford* abstention and the PUCT's indispensability—are questions of law. Yet it repeatedly insists that these legal questions are not sufficiently "pure" to be the subject of an interlocutory appeal.[4] Brazos's would-be fourth § 1292(b) element finds no support in decisions of the Fifth Circuit. Neither does the Fifth Circuit hold that an interlocutory appeal is improper merely because the standard of review is abuse of discretion or because the reviewing court must apply the law to facts.

Indeed, the Fifth Circuit has explicitly rejected Brazos's view. In *McClelland Engineers, Inc. v. Munusamy*, 784 F.2d 1313, 1316 n.1 (5th Cir. 1986),[5] the court granted leave to appeal the denial of a motion to dismiss for *forum non conveniens*, a question of law reviewed for abuse of discretion. The appellee moved to dismiss the appeal as improvidently granted on the same grounds that Brazos asks this Court to deny leave: "a *forum non conveniens* decision is inappropriate for an interlocutory appeal because it involves the 'discretion' of the court."[6] The

---

[4] Resp. 14–18.

[5] Overruled on other grounds by *In re Air Crash Disaster Near New Orleans, La., on July 9, 1982*, 821 F.2d 1147 (5th Cir. 1987) (en banc), *vacated sub nom.*, *Pan Am. World Airways v. Lopez*, 490 U.S. 1032 (1989), *opinion on remand*, 883 F.2d 17 (5th Cir. 1989).

[6] *McClelland Engineers*, 784 F.2d at 1316 n.1.

3

Fifth Circuit denied that motion, ruling flatly that the fact that the issue "falls within the discretion of the district judge . . . [is] not relevant to a determination of whether an appeal was improvidently granted," and that the court had therefore "properly granted [the] appeal."[7]

Moreover, Brazos's argument that § 1292(b) does not permit an interlocutory appeal from a decision denying a motion to dismiss for failure to join an indispensable party is contrary to Fifth Circuit authority. Indeed, the Fifth Circuit granted leave to appeal such a question in *Dore Energy Corp. v. Prospective Investment & Trading Co.*, 570 F.3d 219, 224 (5th Cir. 2009).[8] Similarly, several other courts of appeal have granted leave under § 1292(b) to consider the application of *Burford* and other abstention doctrines.[9] These cases are consistent with the Fifth Circuit's view of *Burford* abstention, under which the trial court's "allowable discretion . . . is quite narrow, because it must be exercised within the narrow and specific limits prescribed by" the Supreme Court's *Burford* decision.[10] The questions presented are thus appropriate for an interlocutory appeal.

---

[7] *Id.*; *see also Spong v. Fidelity Nat'l Prop. & Cas. Ins. Co.*, 787 F.3d 296, 303 (5th Cir. 2015) (considering § 1292(b) appeal of the denial of a summary-judgment motion, including on issue of whether equitable estoppel applied).

[8] *Accord Mattel, Inc. v. Bryant*, 446 F.3d 1011, 1013 (9th Cir. 2006) (granting leave to appeal indispensable-party issue); *Tick v. Cohen*, 787 F.2d 1490, 1493 (11th Cir. 1986) (same); *Herron v. Keene Corp.*, 751 F.2d 873, 874 (6th Cir. 1985) (same).

[9] *E.g.*, *Gov't Emp's Ins. Co. v. Tri Cnty. Neurology & Rehab. LLC*, 721 F. App'x 118, 121 (3d Cir. 2018) (reviewing interlocutory denial of motion to abstain under *Burford*); *Tribune Co. v. Abiola*, 66 F.3d 12, 14–15 (2d Cir. 1995) (same).

[10] *Wilson v. Valley Elec. Membership Corp.*, 8 F.3d 311, 313 (5th Cir. 1993) (internal quotation marks omitted).

## II. Appellants have satisfied the § 1292(b) standard.

### A. The questions presented are controlling.

Brazos suggests a question is not controlling unless it is case dispositive.[11] Brazos cites no authority for this position because none exists. To the contrary, to be controlling, a question need not even "lead to reversal on appeal," so long as "interlocutory reversal might save time for the district court, and time and expense for the litigants."[12] Excising Brazos's legally and factually complicated pricing claims from this proceeding would do that.

Moreover, "incorrect disposition" of either the *Burford* abstention or indispensable-party questions "would require reversal of a final judgment"—thus satisfying even the strictest possible meaning of "controlling."[13] Indeed, Brazos admits as much when it concedes that a ruling that the PUCT is indispensable would require dismissal of *five* of the nine counts in Brazos's live pleading.[14] The same is true of the *Burford* abstention question, which, if decided in Appellants' favor, would likewise require dismissal of several of Brazos's claims. Brazos's contrary position is premised on its assertion that its pricing claims can be neatly separated from the PUCT orders, which—it contends—are irrelevant to this proceeding, as this is a private contract dispute governed by the SFA alone.[15] While this contention goes to the merits of the appeal and not the issue of interlocutory review, it can be briefly dispelled.

---

[11] Resp. 18–20.

[12] 16 Fed. Prac. & Proc. § 3930 n.26 & surrounding text.

[13] *Id.* § 3930.

[14] Resp. 23.

[15] Am. Compl. ¶ 118; Resp. 7, 12. Appellants have separately perfected an appeal from the bankruptcy court's denial of their motion to dismiss the Amended Complaint on abstention and indispensable-party grounds, and they have moved to consolidate the two appeals for streamlined consideration. For now, Appellants cite the Amended Complaint to illustrate the ways in which Brazos's representations to this Court about the nature of its claims are inconsistent with its live pleading.

Brazos's position misrepresents the Texas administrative regime pursuant to which the wholesale energy prices it challenges were charged. The SFA is not a mere private, bilateral contract. It is a form agreement the terms of which are set by the protocols—rules with the force of Texas statute adopted by ERCOT using sovereign authority delegated to it by the PUCT.[16] Every market participant is required to execute the SFA as a condition of entering the market.[17] Consequently, the SFA—the interpretation of which affects every participant in the ERCOT market—has an administrative character, and it should be given a consistent interpretation by the PUCT and the state courts that oversee it.[18] Furthermore, under Texas law incorporated into the SFA, ERCOT's power to set energy prices is subject to the PUCT's supervening authority to "otherwise direct[]" what the price of energy should be.[19] The PUCT's authority is reflected in the SFA itself, which is explicitly "subject to" PUCT orders, which "shall prevail" in the event of conflict with the SFA's terms.[20] And the protocols themselves dictate that ERCOT "shall operate the scarcity pricing mechanism in accordance with the PUCT Substantive Rules."[21] The PUCT's orders, by their own terms, were made under the authority of PUCT Substantive Rules.

Thus, Brazos's challenges to the prices charged during the winter storm cannot be considered without reference to the PUCT's orders, which overrode ERCOT's pricing authority and are effective with respect to Brazos pursuant to Texas law, the protocols, and the SFA's terms. To challenge ERCOT's prices, therefore, Brazos must—and does—challenge the applicability of

---

[16] Nodal Protocols § 22A.

[17] *Id.* § 16.1.

[18] *See Oncor Elec. Delivery Co. v. Chapparal Energy, LLC*, 546 S.W.3d 133, 139–40 (Tex. 2018); *In re Entergy Corp.*, 142 S.W.3d 316, 322 (Tex. 2006).

[19] 16 Tex. Admin. Code §§ 25.501(a), 25.505(h).

[20] Nodal Protocols § 22(A), ¶ 11(L).

[21] *Id.* § 4.4.11.1.

the PUCT orders themselves.[22] Even though Brazos carefully avoids calling the orders "invalid," the substance of its claims amount to a collateral attack on the orders: it seeks a ruling from the bankruptcy court that the PUCT orders were without practical effect.[23]

Abstention is necessary to ensure that questions regarding the validity and scope of the PUCT's pricing authority are decided within and consistent with Texas's administrative regime, without imposing conflicting rulings on ERCOT, other market participants, and the PUCT. Therefore, this appeal presents a controlling question of law.

### B. There is a substantial ground for a difference of opinion.

As Brazos concedes, this element is satisfied if the movant shows "that any court has interpreted the relevant legal principle differently under substantially similar circumstances."[24] Appellants have demonstrated this. The circumstances of this case are remarkably similar to those in *Burford* itself, yet the bankruptcy court refused to abstain.[25] Brazos's contrary argument depends on its baseless position that, in attempting to avoid the effect of the PUCT's orders, it is not attacking those orders.[26] Similarly, Brazos's contention that ERCOT voluntarily submitted to

---

[22] Am. Compl. ¶¶ 125–31.

[23] Brazos's confounding argument is apparently that while the PUCT's orders telling ERCOT to set prices at the system-wide offer cap bound ERCOT, they "only affect[ed] ERCOT," not Brazos, and thus did not "determine what [Brazos] must pay." Am. Compl. ¶ 129. In other words, ERCOT had to charge prices in compliance with the PUCT's orders, but no market participant was legally obligated to pay the prices ERCOT was required to charge.

[24] Resp. 20 (quoting *In re Red River Energy, Inc.*, 415 B.R. 280, 285 (S.D. Tex. 2009)).

[25] The bankruptcy court's decision is also at odds with the Fifth Circuit's decision in *Wilson v. Valley Elec. Membership Corp.*, 8 F.3d 311 (5th Cir. 1993). In that case, a state-court suit challenging the prices charged by a state-regulated electric cooperative was removed to federal court when the cooperative filed for bankruptcy. *See id.* at 313. The Fifth Circuit held that *Burford* abstention applied, emphasizing the need for coherent policy regarding the treatment of electric cooperatives under state regulatory law, as well as the existence of a special state forum for hearing the disputes. *See id.* at 315–16.

[26] *See* Resp. 21.

the bankruptcy court's jurisdiction is inaccurate.[27] ERCOT submitted a 503(b)(9) claim after the bankruptcy court *ordered* all potential 503(b)(9) claimants to file their claims by a certain date.[28]

There is also substantial ground for a difference of opinion with respect to the PUCT's indispensability. The trial court's ruling cannot be squared with Rule 19 or the cases applying it. In particular, Brazos's claims, if successful, would directly diminish the PUCT's authority. And it is inappropriate for a court to impose such limits on a state agency's authority without that agency's presence in the suit. A judgment for Brazos would also risk prejudice to ERCOT by imposing conflicting legal obligations—compliance with the bankruptcy court's judgment on the one hand and, on the other, the PUCT's orders and future state-court judgments regarding their validity.[29]

### C. Immediate resolution of these questions would advance this litigation.

Brazos essentially admits that immediate reversal of the bankruptcy court's indispensable-party ruling would advance this litigation because it would "result in dismissing five of the nine Counts in the Complaint."[30] While a trial would still be necessary, it would be narrowed substantially—including by removing many of the most complicated issues in dispute, including the validity and applicability of the PUCT's orders and the complex task of retroactively reconstructing market prices for a hypothetical world in which the PUCT's orders were not issued. This "simplif[ication]" and "curtail[ment]" of trial would suffice to warrant an interlocutory appeal.[31]

---

[27] *See id.* at 22.

[28] Order Setting Bar Dates at 1 [Bankr. Dkt. No. 515].

[29] Fed. R. Civ. P. 19(b).

[30] Resp. 23.

[31] 16 Fed. Prac. & Proc. § 3930.

The same is true of *Burford* abstention. Brazos contends that if the bankruptcy court abstained, proceedings would "stall," potentially "for years," while the state-court proceedings are litigated.[32] Brazos is mistaken. Appellants seek to have Brazos's pricing claims dismissed, not stayed, pending resolution of the state proceedings. Thus, litigation would be terminated with respect to Brazos's pricing claims, and Brazos's remaining claims would be ripe for a streamlined trial.[33] And, importantly, Brazos would suffer no prejudice. Because (unlike the bankruptcy court) the state-court fora have market-wide jurisdiction, if any of those pending cases results in repricing or other relief from the PUCT's pricing order, Brazos would benefit despite not being a party to those proceedings.

## PRAYER

Appellants respectfully request that this Court grant them leave to appeal.

---

[32] Resp. 24.

[33] Appellants' intention is not to delay trial, but to ensure that only one trial in this complicated and expensive case is necessary. If leave to appeal is granted, therefore, ERCOT and Defendant-Intervenors will agree to expedited briefing and decision.

Dated: December 3, 2021               **MUNSCH HARDT KOPF & HARR, P.C.**

By: /s/ Jamil N. Alibhai
    Kevin M. Lippman
    Texas Bar No. 00784479
    klippman@munsch.com
    Deborah Perry
    Texas Bar No. 24002755
    dperry@munsch.com
    Jamil N. Alibhai
    Texas Bar No. 00793248
    jalibhai@munsch.com
    Ross Parker
    Texas State Bar No. 24007804
    rparker@munsch.com

    3800 Ross Tower
    500 N. Akard Street
    Dallas, Texas  75201-6659
    Telephone: (214) 855-7500
    Facsimile:  (214) 855-7584

**COUNSEL FOR THE ELECTRIC RELIABILITY COUNCIL OF TEXAS, INC.**


**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**

By: /s/ Mark McKane
David R. Seligman, P.C. (admitted *pro hac vice*) 300 North LaSalle Street
Chicago, Illinois 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200
Email: david.seligman@kirkland.com

Mark McKane, P.C. (admitted *pro hac vice*)
555 California Street
San Francisco, California 94104
Telephone: (415) 439-1400
Facsimile: (212) 439-1500
Email: mark.mckane@kirkland.com

Aparna Yenamandra (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900
Email: aparna.yenamandra@kirkland.com

**COUNSEL FOR CALPINE CORPORATION**

**SHEARMAN & STERLING LLP**

By: /s/  Ian E. Roberts
C. Luckey McDowell (SBT 24034565)
Ian E. Roberts (SBT 24056217)
2828 N. Harwood Street, Suite 1800
Dallas, Texas 75201
Telephone: (214) 403-0649
Email: luckey.mcdowell@shearman.com
Email: ian.roberts@shearman.com

Joel Moss (admitted *pro hac vice*)
535 Mission Street, 24th Floor
San Francisco, CA 94105
Telephone: (212) 848-4693
Email: joel.moss@shearman.com

Jonathan M. Dunworth (admitted *pro hac vice*)
599 Lexington Avenue
New York, NY 10022
Telephone: (212) 848-5288
Email: jonathan.dunworth@shearman.com

**COUNSEL FOR NRG ENERGY, INC., ENGIE ENERGY MARKETING NA, INC., TALEN ENERGY SUPPLY, LLC, AND NEXTERA ENERGY MARKETING, LLC**

## **CERTIFICATE OF SERVICE**

     I certify that on December 3, 2021, I caused a copy of the foregoing document to be served via CM/ECF on all counsel of record in this matter.

                                            */s/  Jamil N. Alibhai*
                                            Jamil N. Alibhai

4867-4354-5093v.1