**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| In re:<br><br>BRAZOS ELECTRIC POWER COOPERATIVE, INC.,<br><br>    Debtor. | Appeal from Bankruptcy Case No. 21-30725 (DRJ) (Bankr. S.D. Tex.)<br><br>Adv. Proc. No. 21-03863 (DRJ) |
| ELECTRIC RELIABILITY COUNCIL OF TEXAS, INC., *et al.*,<br><br>    APPELLANTS,<br><br>v.<br><br>BRAZOS ELECTRIC POWER COOPERATIVE, INC., *et al.*,<br><br>    APPELLEES. | CIVIL ACTION No. 4:21-cv-03692 |

**DEBTOR'S RESPONSE TO ELECTRIC RELIABILITY COUNCIL OF TEXAS, INC., ET AL.'S NOTICE OF SUPPLEMENTAL AUTHORITY**
**[Relates to Dkt. No. 21]**

Brazos Electric Power Cooperative, Inc. ("Brazos") files this response to the Electric Reliability Council of Texas, Inc.'s ("ERCOT") and its other putative co-appellants' (collectively, "Appellants") *Notice of Supplemental Authority*, Dkt. No. 21. Contrary to Appellants' assertion, the decision in *ERCOT v. CPS Energy*, No. 04-21-00242-CV, --- S.W.3d ----, 2021 WL 5879183 (Tex. App. Dec. 13, 2021) ("*CPS Energy*"), has no bearing on their motion under 28 U.S.C. § 158(a)(3) for leave to appeal the Bankruptcy Court's October 22, 2021 interlocutory order declining to abstain or to dismiss on indispensable-party grounds. *See* Adv. Dkt. No. 209.[1]

---

[1] ERCOT also filed a second motion under Section 158(a)(3), which has been consolidated with this case, for leave to appeal a November 15 Bankruptcy Court order, purportedly on abstention and indispensability grounds even though that order neither addressed nor decided either issue. *See* Adv. Dkt. No. 259. This response applies equally to both Section 158(a)(3) motions (collectively, the "Motions for Leave"). In addition, Appellants recently moved to certify a direct appeal of the Bankruptcy Court's October 22 and November 15 orders to the Fifth Circuit under 28 U.S.C.

1

The Motions for Leave pending before the Court involve only whether the Court should grant leave to allow an extraordinary interlocutory appeal of the Bankruptcy Court's order on ERCOT's motions to dismiss or abstain regarding two questions of federal law—abstention and indispensability. *CPS Energy*, however, nowhere mentions either issue, which is unsurprising given that it is a Texas state-court decision that merely opines on where jurisdiction lies in the Texas system to hear certain affirmative claims against ERCOT, which does not apply here. The *CPS Energy* case therefore says nothing about whether the federal-law abstention and indispensable party issues decided by the Bankruptcy Court meet the stringent standards of 28 U.S.C. § 1292(b), which courts have incorporated into Section 158(a)(3). *See* Dkt. 3 at 2. Specifically, since it addresses neither issue, *CPS Energy* does not, and cannot, say anything about whether the Bankruptcy Court's order on those issues (1) involves a controlling question of law (2) over which there is substantial ground for difference of opinion or (3) whether an immediate appeal from the Bankruptcy Court's orders may materially advance this litigation's ultimate termination. As Brazos has shown, Appellants have failed to meet any of those criteria, much less all of them as would be required to grant leave to appeal. *See id*. at 14-24.

Moreover, although the merits of the Bankruptcy Court's rulings are not before this Court, *CPS Energy* also casts no doubt on the correctness of the Bankruptcy Court's reasoned decision declining to abstain from ruling on the proof of claim ERCOT voluntarily submitted in the bankruptcy case or to dismiss Brazos's challenge to that proof of claim due to the purported indispensability of a party (the Public Utility Commission of Texas) against whom Brazos seeks

---

§ 158(d)(2). *See* Dkt. No. 20. On December 17—before Brazos's opposition to that motion was due to be filed on December 23—the Court stayed all proceedings on that motion. *See* Dkt. No. 22. This response therefore addresses *CPS Energy* specifically as it relates to Appellants' Motions for Leave. Although *CPS Energy* is also inapplicable to Appellants' Section 158(d)(2) motion for largely the same reasons, Brazos will address all of the many jurisdictional and other defects in that motion if and when the Court's stay is lifted.

2

no relief. Brazos has never disputed that a solvent, non-debtor party could bring affirmative claims against ERCOT in a Texas state forum, and *CPS Energy* merely clarifies one court's view of where jurisdiction would lie in the Texas state system over such claims. But this case is fundamentally different. Here, **ERCOT** voluntarily invoked the jurisdiction of a federal Bankruptcy Court to decide whether Brazos owes ERCOT approximately $2 billion for electricity invoices from last winter, and Brazos properly defended against that claim by raising both bankruptcy law and state law objections that are plainly within the jurisdiction of the Bankruptcy Court to decide. The fact that a different party might have been able to bring a particular claim in a state-law forum in no way negates the federal Bankruptcy Court's jurisdiction or power to rule on a claim **brought by ERCOT** that is indisputably within its authority and ability to decide, particularly where, as here, the party that seeks to resist federal bankruptcy jurisdiction invoked that jurisdiction in the first place. *See*, *e.g.*, *New Orleans Pub. Serv., Inc. v. Council of City of New Orleans*, 491 U.S. 350, 362 (1989) ("While *Burford* is concerned with protecting complex state administrative processes from undue federal interference, it does not require abstention whenever there exists such a process, or even in all cases where there is a 'potential for conflict' with state regulatory law or policy." ) (quotation omitted). Moreover, Brazos has *not* challenged and is not challenging the validity of the PUCT Orders in this bankruptcy case and, unlike in *CPS Energy*, has not asserted *any* claim for affirmative relief against ERCOT.

For the foregoing reasons, and those set forth in its opposition briefs, Brazos respectfully requests that this Court deny the Motions for Leave under Section 158(a)(3) and grant Brazos such other and further relief as may be just and proper.

*[Remainder of Page Intentionally Left Blank]*

Dated: December 22, 2021
      Houston, Texas

Of Counsel:

Lino Mendiola
TX Bar No. 00791248 (S.D. Bar No. 21054)
Michael Boldt
TX Bar No. 24064918 (admitted *pro hac vice*)
Jim Silliman
TX Bar No. 24081416 (S.D. Bar No. 2365032)
**EVERSHEDS SUTHERLAND (US) LLP**
One American Center
600 Congress Ave., Suite 2000
Austin, TX 78701
Telephone: (512) 721-2700
Facsimile: (512) 721-2656
Email: linomendiola@eversheds-sutherland.us
Email: michaelboldt@eversheds-sutherland.us
Email: jimsilliman@eversheds-sutherland.us

Louis R. Strubeck, Jr.
TX Bar No. 19425600 (S.D. Bar No. 15416)
Nick Hendrix
TX Bar No. 24087708 (S.D. Bar No. 2524989)
**O'MELVENY & MYERS LLP**
2501 North Harwood Street
Dallas, Texas 75201
lstrubeck@omm.com
nhendrix@omm.com
(972) 360-1925

*Counsel to the Debtor and Debtor in Possession*

Respectfully submitted,

By: */s/ Jason L. Boland*
Jason L. Boland
TX Bar No. 24040542 (S.D. Bar No. 37238)
Attorney-in-Charge
**NORTON ROSE FULBRIGHT US LLP**
1301 McKinney Street, Suite 5100
Houston, TX 77010
Telephone:   (713) 651-5151
Facsimile:   (713) 651-5246
Email: jason.boland@nortonrosefulbright.com

William R. Greendyke
TX Bar No. 08390450;  (S.D. Bar No. 576573)
Julie Harrison
TX Bar No. 24092434 (S.D. Bar No. 3017799)
Maria Mokrzycka
TX Bar No. 24119994 (S.D. Bar No. 3610759)
**NORTON ROSE FULBRIGHT US LLP**
1301 McKinney Street, Suite 5100
Houston, TX 77010
Telephone:   (713) 651-5151
Facsimile:   (713) 651-5246
Email: william.greendyke@nortonrosefulbright.com
Email: julie.harrison@nortonrosefulbright.com
Email: maria.mokrzycka@nortonrosefulbright.com

Paul Trahan
TX Bar No. 24003075 (S.D. Bar No. 563869)
98 San Jacinto Boulevard, Suite 1100
Austin, TX 78701
Telephone:   (512) 536 5288
Facsimile:   (512) 536 4598
Email: paul.trahan@nortonrosefulbright.com

*Counsel to the Debtor and Debtor in Possession*

## CERTIFICATE OF SERVICE

I certify that on December 22, 2021, I filed the foregoing document through the Court's CM/ECF system, which served it on all counsel of record in this matter.

s/ *Maria Mokrzycka*
Maria Mokrzycka

*Counsel for Appellee Brazos Electric Power Cooperative, Inc.*
