**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

In re:

BRAZOS ELECTRIC POWER
COOPERATIVE, INC.,

      Debtor.

ELECTRIC RELIABILITY COUNCIL OF
TEXAS, INC., *et al.*,

      APPELLANTS,

v.

BRAZOS ELECTRIC POWER
COOPERATIVE, INC., *et al.*,

      APPELLEES.

Appeal from Bankruptcy Case No. 21-
30725 (DRJ) (Bankr. S.D. Tex.)

Adv. Proc. No. 21-03863 (DRJ)

CIVIL ACTION No. 4:21-cv-03692

**DEBTOR'S SUPPLEMENTAL BRIEF IN OPPOSITION TO
MOTIONS FOR LEAVE TO APPEAL**

Brazos Electric Power Cooperative, Inc. (the "Debtor") files this supplemental brief in

opposition to the Electric Reliability Council of Texas, Inc.'s ("ERCOT") and aligned

Intervenors'[1] (collectively, "Movants") *Motion for Leave to Appeal the Order Granting in Part

and Denying in Part Defendant's Motion to Dismiss and for Abstention* [Adv. Dkt. No. 209] and

*Supplemental Motion for Leave to Appeal the Order Denying ERCOT's Emergency Motion to

Dismiss* [Adv. Dkt. No. 259] (together, the "Motions").  The Debtor fully adopts and incorporates

---

[1] The Intervenors joining in ERCOT's Motion include Calpine Corporation, NRG Energy, Inc., NextEra Energy
Marketing, LLC, Talen Energy Supply, LLC, and ENGIE Energy Marketing NA, Inc.  Certain other Defendant-
Intervenors in the case, Tenaska Power Services Co., Golden Spread Electric Cooperative, Inc., and South Texas
Electric Cooperative, Inc. did not join the Motion.

by reference herein its arguments made in its prior oppositions to the Motions, filed at Case No. 4:21-cv-03692, Dkt. No. 3 and Case No. 4:21-cv-03877, Dkt. No. 5.

The Court should deny the Movants' request for a permissive appeal of the Bankruptcy Court's interlocutory orders denying ERCOT's motion to dismiss or abstain because:

- The Movants have not come close to establishing "exceptional circumstances" under the required strict construction of Section 1292(b) adopted by courts in reviewing motions filed under 28 U.S.C. § 158(a)(3).

- The Movants have not demonstrated, nor can they demonstrate, that the interlocutory orders involve "a controlling question of law" as to which "there is substantial ground for difference of opinion."

- An immediate appeal, far from "materially advancing" the adversary proceeding's ultimate termination in the highly unlikely event it succeeded, would do nothing but unnecessarily prolong it.

- Trial in the adversary proceeding is set for next month and Judge Jones's judgment is certain to be appealed to this Court. If this Court denies the request for interlocutory appeal now and the Movants are dissatisfied with the Bankruptcy Court's final judgment, they will have an opportunity to seek to raise the same issues before this Court with only a short delay. Moreover, this Court will have the increased benefit of a full and complete record upon which to reach a decision and will have all, not merely some, of the contested issues before it. Denial therefore better preserves the parties' and the Court's time and resources and does not result in prejudice to any party.

**The Motions Do Not Meet The Standard For Leave To Appeal Under 28 U.S.C. § 158(a)(3).**

The Motions do not ask or require the Court to rule on the merits of any substantive issue decided by the Bankruptcy Court. Once the Bankruptcy Court enters a final judgment as to the Debtor's objection to ERCOT's proof of claim—which will occur expeditiously given that a trial on the objection is set for February 2022—this Court will be able to hear the merits of any live, contested issue any aggrieved party may appeal. At that time, the Court will have the ability to resolve *all*, not just some, contested issues on the merits and to do so on a full record that contains findings on any factual disputes the Bankruptcy Court may identify.

2

Instead, the Motions ask this Court to grant leave to allow an extraordinary interlocutory appeal of only a small sliver of the adversary proceeding—the Bankruptcy Court's order denying abstention and dismissal—that would indisputably not end the adversary proceeding even in the unlikely event the Movants were to prevail on appeal.  The Motions should be denied because they do not meet the demanding and strict standards for an interlocutory appeal under 28 U.S.C. § 1292(b): (1) the Bankruptcy Court's order does not involve a controlling issue of law over which there is a substantial ground for difference of opinion; and (2) an immediate appeal would serve to materially *delay*—not advance—the proceedings currently before the Bankruptcy Court.  Indeed, because an appeal of the ultimate judgment in the adversary proceeding is inevitable—and approaching quickly with a February 2022 trial setting—it best serves judicial economy to deny this interlocutory appeal and address all appeal issues collectively after the Bankruptcy Court enters final judgment in the adversary proceeding upon a fully developed record rather than engage in piecemeal appeals.

**ERCOT Voluntarily Chose The Bankruptcy Court As The Forum To Adjudicate The Debtor's Liability For ERCOT's Invoices.**

As discussed with the Court at the hearing on December 29, 2021, the adversary proceeding below involves a unique procedural posture not present in other bankruptcy cases regarding abstention and indispensable party issues on which ERCOT relies.   Here, ERCOT *voluntarily* invoked the jurisdiction of the Bankruptcy Court by filing a proof of claim and asking the Bankruptcy Court to decide how much the Debtor owes ERCOT for pre-petition invoices sent to the Debtor.  Contrary to the statements made by ERCOT's counsel at the hearing, ERCOT was *not* ordered by the Bankruptcy Court to file such a proof of claim, as the Bankruptcy Court itself noted at the hearing on the abstention and dismissal motion:

```
 2 │        THE COURT:  All right.  So can I go back to

 3 │ something you said?  Because I just don't want to let it

 4 │ pass.  You said that you didn't have anything to do with

 5 │ this because the Court set a deadline for the filing of

 6 │ proofs of claim and you had no choice but to do that.

 7 │ That's not exactly right and you know that, is that you've

 8 │ asserted an administrative claim.  Administrative claims

 9 │ aren't filed via a Proof of Claim.  The statute clearly says

10 │ they're filed by an application.

11 │        So you voluntarily made the strategic decision to

12 │ go down this path.  You could have -- there was no deadline

13 │ for -- I mean, there was ultimately a deadline for 503(b)(9)

14 │ claims but, I mean, there's an argument you've not even done

15 │ this right.  So, I mean, I think it's a little disingenuous

16 │ to say that this was put on you by having to file a Proof of

17 │ Claim.
```

Oct. 18, 2021 Hr'g Tr. at 97:2-17 [Adv. Dkt. No. 131] ("Oct. 18 Hr'g Tr.").[2]  ERCOT admitted as

much in the Bankruptcy Court, where it stated that "ERCOT timely filed its claim under

§ 503(b)(9) of the Bankruptcy Code, but the bar date for ERCOT to file its proof of claim has not

passed"[3]—in other words, there is no Bankruptcy Court order that "ordered" ERCOT to file a

proof of claim.[4]

Rather, ERCOT voluntarily chose to submit its proof of claim to the Bankruptcy Court's

jurisdiction.  In doing so, ERCOT also waived any allegation of sovereign immunity that it may

---

[2] *See also id.* at 23:24-24:4 (THE COURT: "So ERCOT started the process and I, you know, it was a strategy.  It wasn't the only strategy to file a Proof of Claim.  I mean there were all sorts of things that could have been done.  But ERCOT made the strategic decision to file a Proof of Claim and invoke the claims adjudication process.").

[3] *See Electric Reliability Council of Texas, Inc.'s Response in Opposition to Debtor's Emergency Motion for Entry of an Order Striking ERCOT's Amended Proof of Claim* ¶¶ 15, 19 [Adv. Dkt. No. 236] (emphasis added).

[4] Indeed, in denying ERCOT's motion, the Bankruptcy Court specifically noted that ERCOT had "three maybe four options" it could have taken, instead of filing a proof of claim.  Oct. 18 Hr'g Tr. at 67:14-17.

have had. *See* 11 U.S.C. § 106(a) ("Notwithstanding an assertion of sovereign immunity, sovereign immunity is abrogated as to a governmental unit to the extent set forth in this section with respect to the following: (1) Sections . . . 502, 503 . . . of this title"); 11 U.S.C § 502 (governing the allowance of proofs of claim or interest); 11 U.S.C. § 503 (governing the allowance of administrative expense claims). As the Supreme Court has held:

> It is traditional bankruptcy law that he who invokes the aid of the bankruptcy court by offering a proof of claim and demanding its allowance must abide the consequences of that procedure. *Wiswall v. Campbell*, 93 U.S. 347, 351, 23 L.Ed. 923. If the claimant is a State, the procedure of proof and allowance is not transmitted into a suit against the State because the court entertains objections to the claim. The State is seeking something from the debtor. No judgment is sought against the State. The whole process of proof, allowance, and distribution is, shortly speaking, an adjudication of interests claimed in a res. It is none the less such because the claim is rejected in toto, reduced in part, given a priority inferior to that claimed, or satisfied in some way other than payment in cash. When the State becomes the actor and files a claim against the fund it waives any immunity which it otherwise might have had respecting the adjudication of the claim.

*Gardner v. State of New Jersey*, 329 U.S. 565, 573-74 (1947).[5] The Bankruptcy Court therefore has core constitutional and statutory authority to rule on the validity and priority status of that claim.[6]

ERCOT's voluntary filing of its proof of claim, leading to the Bankruptcy Court's jurisdiction over that claim, is one of the factors that distinguishes this case from the abstention cases cited by ERCOT, including *Wilson v. Valley Electric Membership Corp.*, 8 F.3d 311 (5th

---

[5] Any assertion of sovereign immunity by the PUCT is similarly misplaced. Indeed, as further discussed below, the PUCT has not asserted a proof of claim and is not a party to any pending adversary proceeding.

[6] 28 U.S.C. § 157(b)(2)(B); *Mobley v. Quality Lease & Rental Holdings, LLC (In re Quality Lease & Rental Holdings, LLC)*, Case No. 14-60074, 2016 WL 416961, at *5 (Bankr. S.D. Tex. Feb. 1, 2016) (Jones, J.) ("[O]bjections to proofs of claim are core matters."); *see also In re Exide Techs.*, 544 F.3d 196, 214 (3d Cir. 2008) ("[I]t is axiomatic that filing a proof of claim triggers the claims allowance process . . . which, by its very nature, is a 'core' proceeding that can *only* arise in a title 11 case.") (emphasis original) (quotation omitted); *In re Pension Worldwide*, 587 B.R. 6, 12 (Bankr. D. Del. 2018) (similar).

Cir. 1993). As this Court noted during the hearing, ERCOT has failed to cite a single bankruptcy

case applying *Burford* abstention to an objection to a proof of claim.[7] *Wilson* involved a state

court action—a class action for customers of a cooperative seeking refunds for rate increases

entered without the electric utility commission's approval—that was removed to federal district

court ***by the debtor-cooperative*** upon its bankruptcy filing. *Id.* at 313. Thus, the party that invoked

the federal court's jurisdiction (the debtor), through the bankruptcy case, was not the same party

seeking abstention of the action ultimately removed (the customers). Accordingly, *Wilson* is just

another case where abstention was used as a shield, which is fundamentally unlike this case where

ERCOT brought its claim before the Bankruptcy Court and now seeks to use abstention as a sword

to dismiss the Debtor's ***defenses*** to ERCOT's ***claim***. As a result, not only are the abstention and

indispensability issues not controlling questions of law under 28 U.S.C. § 1292(b)—because each

is subject to a highly discretionary multi-factor balancing test and neither would dispose of more

than a fraction of this case[8]—ERCOT has identified ***no authority*** demonstrating that there is a

"substantial ground for a difference of opinion" on the abstention issue within the meaning of

Section 1292(b).[9]

**The PUCT Has Not Filed A Claim Against The Debtor And The Debtor Has Not Asserted Relief Against The PUCT; Therefore The PUCT Is Not An Indispensable Party And Its Sovereign Immunity Is Not Implicated.**

Additionally, in filing its proof of claim, ERCOT did ***not*** submit a joint proof of claim with

the Public Utility Commission of Texas (the "PUCT") or otherwise allege that the Debtor's

liability to ERCOT overlapped with any liability to the PUCT. Nor did the PUCT file its own

---

[7] Indeed, it defies reason how the filing of a proof of claim by a state agency could constitute waiver of a sovereign immunity yet still warrant *Burford* abstention.

[8] *See* Brazos's Opp. to Mot. for Leave to Appeal at 14-20 [Dkt. No. 3].

[9] *See id.* at 20-22.

proof of claim, presumably because it does not believe that the Debtor has any pre-petition liability to the PUCT.  Likewise, nothing in the adversary proceeding implicates the PUCT as liable to the Debtor, as the Debtor has not filed any claim, cause of action, or objection against the PUCT, nor does the Debtor challenge any action taken by the PUCT in the bankruptcy case, including its two February 2021 orders.

The adversary proceeding is about one thing: adjudicating the $1.9 billion proof of claim that ERCOT voluntarily filed in the bankruptcy case, against the Debtor, before the Bankruptcy Court, based on a contract solely between the Debtor and ERCOT.  Thus, notwithstanding the substantial amount in controversy, the nature of the proceeding—a claim objection proceeding— is otherwise unremarkable and is one in which the Bankruptcy Court, exercising its exclusive jurisdiction, routinely adjudicates in every Chapter 11 case.

Even if the PUCT's presence was required in this case (which it is not), its assertion of sovereign immunity is inapplicable here, where there is no action or request for judgment against the PUCT that would concern its immunity.  Sovereign immunity simply protects the PUCT from being sued or having a judgment enforced against it; it cannot operate to divest the Bankruptcy Court of its jurisdiction over a case between two non-state agencies.

In sum, the PUCT has no place in this contract dispute between ERCOT and the Debtor— and it certainly is not an indispensable party in the adversary proceeding.[10]  Accordingly, the Movants have demonstrated no reason why there is a substantial ground for difference of opinion on that issue either within the meaning of Section 1292(b).

---

[10] *See* Oct. 18 Hr'g Tr. at 44:19-24 ("The Court: Well, [the PUCT's] not even a party at this point. I mean there's an argument that I shouldn't even allow you to speak.  Mr. Binford:  Not a good one, Your Honor.  The Court:  There's some very good ones.  But keep going."); *see also Owens v. Murray, Inc.*, 365 B.R. 835, 840-44 (M.D. Tenn. 2007) (finding that a claimant lacked standing to file a proof of claim without joining a co-owner as an indispensable party in the proof of claim).

**The Adversary Proceeding Involves Core Bankruptcy Questions Unrelated To State Court Proceedings, And The Bankruptcy Court Was Correct Not To Abstain From Hearing The Adversary Proceeding.**

In response to ERCOT's voluntary submission of its claim before the Bankruptcy Court, the Debtor asserted various objections and defenses to ERCOT's claim by raising both bankruptcy law and state law objections that are plainly within the jurisdiction of the Bankruptcy Court to decide.  The Debtor initially asserted these objections and defenses to ERCOT's claim through the filing of a claim objection.  After discussions with the Bankruptcy Court, however, the Debtor withdrew the claim objection and filed the adversary complaint instead.[11]  The Debtor's objections and defenses boil down to two main points:  first, the Debtor does not owe the amounts that ERCOT says it owes; and second, any amounts the Debtor does owe are not entitled to administrative priority status but just general unsecured status.[12]

Significantly, *none* of the issues currently before the Bankruptcy Court asks the court to intervene or interrupt any state court proceedings.[13]  The Bankruptcy Court is not being asked to adjudicate any issues involved in the state court appeals of the PUCT Orders or otherwise interfere

---

[11] The procedural nature of the Debtor's objection to ERCOT's claim through the filing of the adversary complaint does not shift any burden to the Debtor.  ERCOT bears the burden of establishing the validity and priority status of its claim by a preponderance of the evidence. *See In re Fid. Holding Co., Ltd.*, 837 F.2d 696, 698 (5th Cir. 1988).

[12] Because ERCOT's claim asserts a claim for affirmative relief against the Debtor and the Debtor has not sought affirmative relief from ERCOT, the ERCOT's claim is more properly construed as a complaint, while the Amended Complaint objecting to ERCOT's claim is more properly construed as a motion to dismiss. *See In re Cloud*, 214 F.3d 1350, 2000 WL 634637, at *2 (5th Cir. 2000) (table decision) ("The bankruptcy judge specifically noted that he would view Cloud's objection to the proof of claim as a motion to dismiss pursuant to Rule 12(b)(6). . . . In accordance with Rule 12(b)(6), the bankruptcy court presumed that all of the facts in Capital's proof of claim were true. . . . The bankruptcy court needed only resolve the legal question of whether, taking all of the allegations as true, *Capital's proof of claim* stated any valid claims against Cloud.") (internal citations omitted) (emphasis added); *Antoncic v. Giddens (In re Lehman Bros.)*, Case No. 15-cv-6829,  2016 WL 316857, at *1 n.3 (S.D.N.Y. Jan. 26, 2016) ("The bankruptcy judge made clear that she evaluated the Trustee's objection to Dr. Antoncic's claim under the 12(b)(6) standard. . . . Accordingly, this Court treats the objection as having in substance been a motion to dismiss a complaint under FRCP 12(b)(6).").

[13] *See In re Super Van*, 161 B.R. 184, 189 (Bankr. W.D. Tex. 1993) ("It is when a federal court is asked to *intervene, to interrupt*, by exercising its equitable, injunctive powers, that *Burford* abstention draws a line.") (emphasis in original).

with any state judicial or administrative proceeding.[14]  Further, no court, besides the Bankruptcy

Court, is reviewing ERCOT's proof of claim filed against the Debtor; the Bankruptcy Court will

be the *only* court, subject to the appellate review process, that will determine (1) the Debtor's

liability to ERCOT, and (2) the administrative priority or general unsecured status of such

liability.[15]  If this Court were to determine that the Bankruptcy Court should have abstained in

favor of state court proceedings not involving the Debtor, both ERCOT and the Debtor would

ultimately wind up back in front of the Bankruptcy Court—many months or years from now—to

determine the exact same issues that should be determined today, as ERCOT has conceded:[16]

```
14            THE COURT:  Where certainly was part of the
15  question.  So what about the second part of the question as
16  to classification?  Because at least as I read the code,
17  only I can determine that.  But how are we to resolve that
18  issue?
19            MR. ALIBHAI:  I agree that that is an issue for
20  Your Honor to resolve.
21            THE COURT:  And so again, so if you were writing
22  on a blank slate -- and you may very well be -- but if you
23  are writing on a blank slate, you would say this matter
24  would get a beta so that a challenge as to amount could go
25  be filed somewhere else, wherever that might be.
```

---

[14] *See In re Deal v. Tugalo Gas Co.*, 991 F.3d 1313, 1326 (11th Cir. 2021) ("[B]oth we and the Supreme Court have since explained that *Burford* abstention is warranted *only* when, by exercising its jurisdiction, a federal court would interfere with an ongoing state administrative proceeding or action") (emphasis added).

[15] *See* Oct. 18 Hr'g Tr. at 167:2-12 (The Bankruptcy Court: "This is all simply dealing with a Proof of Claim.  I've given everyone the opportunity to explain to me how this is that it would ultimately get resolved if I did abstain.  No one has been able to give me a good answer and it was probably an unfair question because there is no answer to that question.  **We all know that it ends up back in front of me and that I'm the only court that can afford the entirety of the relief that is requested, even if we ignore timeliness and other issues.  There's simply no way to get this done anywhere else.**") (emphasis added).

[16] Oct. 18 Hr'g Tr. at 21:14-22:9.

```
1        And then once that proceeding was resolved through
2   the highest state court with jurisdiction over the process.
3   Then the number would come back to me and then we would
4   start this process as to the proper classification of the
5   claim.  Is that -- do I have that right?
6        MR. ALIBHAI:  I believe so, Your Honor.  I think
7   that with resPUCT to enforcement and the priority of the
8   claim, that would fall within Your Honor's jurisdiction.
9        THE COURT:  Okay.
```

Any decision to abstain from hearing the adversary proceeding would therefore only stall progress in resolving the Debtor's liability to ERCOT, along with the timing of payment to ERCOT, and materially delay the Debtor's bankruptcy case. Accordingly, far from "materially advanc[ing] the ultimate termination of the litigation,"[17] a premature interlocutory appeal on abstention, even if successful, would merely result in additional delay with no corresponding benefit to the adversary proceeding or the parties.

**An Interlocutory Appeal Would Create Piecemeal Appeals And Procedural Inefficiency.**

As discussed by both parties at the hearing on December 29, the Bankruptcy Court is well familiar with the underlying issues presented by the objection to ERCOT's claim, having presided over the bankruptcy case since March 1, 2021. The Bankruptcy Court is also prepared to try the issues in the adversary proceeding beginning on February 22, 2022. Fact discovery is complete, initial and rebuttal expert reports have been exchanged, summary judgment motions have been filed, and pretrial disclosures are due on January 25, less than three weeks from now. Because the Bankruptcy Court is likely to issue a final judgment in the adversary proceeding within the next 60-90 days, if not sooner, and because such final judgment is certain to be quickly appealed, if this

---

[17] 28 U.S.C. § 1292(b).

Court denies the request for interlocutory appeal now, the Movants will have the same issues heard by this Court with only a short delay. And, as the Court noted at the hearing, it will have an "enhanced" record upon which to reach a decision and will have all, not merely some, of the contested issues before it. Denying an interlocutory appeal now better preserves the parties' and the Court's time and resources, avoids the possibility of piecemeal appeals with conflicting briefing schedules, and does not result in prejudice to any party.[18]

For the foregoing reasons, and those set forth in its opposition briefs, the Debtor respectfully requests that this Court deny the Motions and grant the Debtor such other and further relief as may be just and proper.

*[Remainder of Page Intentionally Left Blank]*

---

[18] Likewise, denying the Movant's request for a direct certification of this appeal to the Fifth Circuit will avoid piecemeal appeals and promote an efficient, streamlined review of the outcome of the adversary proceeding, including issues related to abstention and indispensable parties, following the February trial. On December 17, 2021, the Court stayed the Appellants' *Motion for Certification of Direct Appeal* [Dkt. No. 20], pending the December 29, 2021 hearing. *See Order on Direct Appeal* [Dkt. No. 22]. Although the Court did not lift the stay at the hearing, the Debtor has filed, simultaneously with the filing of this supplemental brief, its opposition to the motion for certification, so as to provide the Court will a full response to all of the Appellants' arguments. As explained in that opposition, the Movants cannot meet the requirements of Section 158(d)(2) because this case does not involve a matter of public importance, an immediate appeal will materially delay, not advance, progress of the case, and the Fifth Circuit lacks jurisdiction to decide the principal issue—abstention—that the Movants seek to have it decide.

Dated: January 7, 2022
        Houston, Texas

Of Counsel:

Lino Mendiola
TX Bar No. 00791248 (S.D. Bar No. 21054)
Michael Boldt
TX Bar No. 24064918 (admitted *pro hac vice*)
Jim Silliman
TX Bar No. 24081416 (S.D. Bar No. 2365032)
**EVERSHEDS SUTHERLAND (US) LLP**
One American Center
600 Congress Ave., Suite 2000
Austin, TX 78701
Telephone: (512) 721-2700
Facsimile: (512) 721-2656
Email: linomendiola@eversheds-sutherland.us
Email: michaelboldt@eversheds-sutherland.us
Email: jimsilliman@eversheds-sutherland.us

Louis R. Strubeck, Jr.
TX Bar No. 19425600 (S.D. Bar No. 15416)
Nick Hendrix
TX Bar No. 24087708 (S.D. Bar No. 2524989)
**O'MELVENY & MYERS LLP**
2501 North Harwood Street
Dallas, Texas 75201
lstrubeck@omm.com
nhendrix@omm.com
(972) 360-1925

*Counsel to the Debtor and Debtor in Possession*

Respectfully submitted,

By: */s/ Jason L. Boland*
Jason L. Boland
TX Bar No. 24040542 (S.D. Bar No. 37238)
Attorney-in-Charge
**NORTON ROSE FULBRIGHT US LLP**
1301 McKinney Street, Suite 5100
Houston, TX 77010
Telephone: (713) 651-5151
Facsimile: (713) 651-5246
Email: jason.boland@nortonrosefulbright.com

William R. Greendyke
TX Bar No. 08390450;  (S.D. Bar No. 576573)
Julie Harrison
TX Bar No. 24092434; (S.D. Bar No. 3017799)
Maria Mokrzycka
TX Bar No. 24119994; (S.D. Bar No. 3610759)
**NORTON ROSE FULBRIGHT US LLP**
1301 McKinney Street, Suite 5100
Houston, TX 77010
Telephone:     (713) 651-5151
Facsimile:     (713) 651-5246
Email: william.greendyke@nortonrosefulbright.com
Email: julie.harrison@nortonrosefulbright.com
Email: maria.mokrzycka@nortonrosefulbright.com

Paul Trahan
TX Bar No. 24003075 (S.D. Bar No. 563869)
98 San Jacinto Boulevard, Suite 1100
Austin, TX  78701
Telephone:     (512) 536 5288
Facsimile:     (512) 536 4598
Email: paul.trahan@nortonrosefulbright.com

*Counsel to the Debtor and Debtor in Possession*

## CERTIFICATE OF SERVICE

I certify that on January 7, 2022, I filed the foregoing document through the Court's CM/ECF system, which served it on all counsel of record in this matter.

*/s/  Maria Mokrzycka*
Maria Mokrzycka

*Counsel for Appellee Brazos Electric Power Cooperative, Inc.*