**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| In re:<br><br>BRAZOS ELECTRIC POWER<br>COOPERATIVE, INC.,<br><br>     Debtor. | Appeal from Bankruptcy Case No. 21-30725 (DRJ) (Bankr. S.D. Tex.)<br><br>Adv. Proc. No. 21-03863 (DRJ) |
| ELECTRIC RELIABILITY COUNCIL OF<br>TEXAS, INC., *et al.*,<br><br>     APPELLANTS,<br><br>v.<br><br>BRAZOS ELECTRIC POWER<br>COOPERATIVE, INC., *et al.*,<br><br>     APPELLEES. | CIVIL ACTION No. 4:21-cv-03692 |

**OFFICIAL COMMITTEE OF UNSECURED CREDITORS' JOINDER TO**
**DEBTOR'S SUPPLEMENTAL BRIEF IN OPPOSITION TO**
**MOTIONS FOR LEAVE TO APPEAL**

The Official Committee of Unsecured Creditors (the "Committee") of Brazos Electric Power Cooperative, Inc. (the "Debtor"), files this joinder to the Debtor's supplemental brief in opposition to Electric Reliability Council of Texas, Inc.'s ("ERCOT") and aligned appellants (together, "Movants") *Motion for Leave to Appeal the Order Granting in Part and Denying in Part Defendant's Motion to Dismiss and for Abstention* [Adv. Dkt. No. 209] and *Supplemental Motion for Leave to Appeal the Order Denying ERCOT's Emergency Motion to Dismiss* [Adv. Dkt. No. 259] (together, the "Motions").

**COMMITTEE POSITION**

1.    For the reasons set forth in the Debtor's submissions opposing the Motions, ERCOT cannot satisfy the standards for an interlocutory appeal.  The Motions are, at bottom, an

13214653

attempt by ERCOT to avoid the consequences of *its choice* to file a proof of claim in the Debtor's **bankruptcy** case.  The Committee briefly highlights two key points as to why ERCOT's ploy is illogical and should be rejected.

2.  *First*, ERCOT elected to subject itself to the jurisdiction of the Bankruptcy Court when it filed its proof of claim.  Contrary to the representation made by ERCOT's counsel at last week's hearing, the Bankruptcy Court's May 2021 Bar Date Order (Bankr. Dkt. No. 515) did not dictate that "[ERCOT] must file a claim" in the Debtor's bankruptcy case.  (Dec. 29 H'rg Tr. at 37-38).  Rather, the order set a date by which any potential creditor asserting a pre-petition general unsecured claim or a 503(b)(9) claim would have to file a claim.  (*See* Bankr. Dkt. No. 515 ¶ 1).  It was thus a deadline, not a directive.  As this Court observed at the December 29 hearing, parties face filing deadlines all the time, but deadlines do not mean a filing is **required**.  (Dec. 29 H'rg Tr. at 39 (THE COURT: "There are cut off dates [in civil actions] on all of these things.")).  Thus, the Bankruptcy Court's order merely established a cut-off date for ERCOT to file a proof of claim.  Actually filing a proof of claim was ERCOT's voluntary choice.

3.  *Second,* ERCOT's decision to file a proof of claim in the Debtor's bankruptcy case came with consequences: it voluntarily subjected itself, and evaluation of its claim, to the jurisdiction of the Bankruptcy Court.[1]  ERCOT's proof of claim asks the Bankruptcy Court to find that the Debtor owes it almost $2 billion.  Yet, in response to the Debtor's (and the Committee's) efforts to challenge the allowance of that enormous claim (including its validity, size, and priority status) – the very substance of a bankruptcy case – ERCOT has cried foul, contending in its motion to dismiss before the Bankruptcy Court and in the Motions made here that its claim can, indeed

---

[1] It is well accepted that those who file a proof of claim and demand its allowance "must abide [by] the consequences of that procedure."  *Gardner v. State of N.J.*, 329 U.S. 565, 573 (1947).  For example, when a State files a claim, it waives any immunity it may have had.  *Id.* at 574.  *See also Meyers ex rel. Benzing v.Texas*, 410 F.3d 236 (5th Cir. 2005) (same).

*must*, go unchallenged.  For the reasons laid out in the Debtor's papers and in this joinder, ERCOT's reliance on strained application of abstention and indispensable party doctrines is meritless.  As a matter of equity, this Court should reject ERCOT's "cake and eat it too" gambit.

**PRAYER**

For the reasons set forth in the Debtor's supplemental briefing, as supplemented herein, the Committee respectfully requests that the Court deny the Motions.

Dated: January 7, 2022                    Respectfully submitted,

**PORTER HEDGES LLP**

*/s/ John F. Higgins*
John F. Higgins (TX 09597500)
Eric D. Wade (TX 00794802)
Heather K. Hatfield (TX 24050730)
M. Shane Johnson (TX 24083263)
Megan Young-John (TX 24088700)
PORTER HEDGES LLP
1000 Main Street, 36th Floor
Houston, Texas 77002
Telephone: (713) 226-6000
Facsimile: (713) 228-1331
jhiggins@porterhedges.com
ewade@porterhedges.com
hhatfield@porterhedges.com
sjohnson@porterhedges.com
myoung-john@porterhedges.com

- and –

**KRAMER LEVIN NAFTALIS & FRANKEL LLP**

Thomas Moers Mayer (admitted *pro hac vice*)
Amy Caton (admitted *pro hac vice*)
Jennifer Sharret (admitted *pro hac vice*)
John P. Coffey (admitted *pro hac vice*)
Ronald S. Greenberg (admitted *pro hac vice*)
Seth F. Schinfeld (admitted *pro hac vice*)
1177 Avenue of the Americas
New York, New York 10036
(212) 715-9100
(212) 715-8000

3

13214653

tmayer@kramerlevin.com
acaton@kramerlevin.com
jsharret@kramerlevin.com
jcoffey@kramerlevin.com
rgreenberg@kramerlevin.com
sschinfeld@kramerlevin.com

***Counsel to the Official Committee
of Unsecured Creditors***

## <u>CERTIFICATE OF SERVICE</u>

I certify that, on January 7, 2022, I caused a true and correct copy of the foregoing Joinder to be served via CM/ECF on counsel for all parties of record in this proceeding.

/s/ *John F. Higgins*
John F. Higgins

13214653