**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| IN RE:<br><br>BRAZOS ELECTRIC POWER COOPERATIVE, INC.,[1]<br><br>    *Debtor.* | Bankruptcy Case No. 21-30725 (DRJ)<br><br>Adv. Proc. No. 21-03863 (DRJ) |
| BRAZOS ELECTRIC POWER COOPERATIVE, INC., *et al.*,[2]<br><br>    *Plaintiffs/Appellees,*<br><br>    v.<br><br>ELECTRIC RELIABILITY COUNCIL OF TEXAS, INC., *et al.*,[3]<br><br>    *Defendants/Appellants.* | Civil Action No. 4:21-cv-03692 |

**APPELLANTS' SUPPLEMENTAL BRIEF**
**IN SUPPORT OF THEIR MOTION FOR LEAVE TO APPEAL**

---

[1] The Debtor in this chapter 11 case, along with the last four digits its federal tax identification number is: Brazos Electric Power Cooperative, Inc. (4729). Additional information regarding this case may be obtained on the website of the Debtor's proposed claims and noticing agent at http://cases.stretto.com/Brazos. The Debtor's address is 7616 Bagby Avenue, Waco, TX 76712.

[2] The Plaintiff-Intervenors in the adversary proceeding are: the Official Committee of Unsecured Creditors, Mid-South Electric Cooperative Association; Denton County Electric Cooperative, Inc., d/b/a CoServ Electric; United Electric Cooperative Services, Inc., d/b/a United Cooperative Services; Tri-County Electric Cooperative, Inc.; Bartlett Electric Cooperative, Inc.; Comanche County Electric Cooperative Association; Cooke County Electric Cooperative Association, Inc. d/b/a PenTex Energy; Hamilton County Electric Cooperative Association; Heart of Texas Electric Cooperative, Inc.; J-A-C Electric Cooperative, Inc.; Navasota Valley Electric Cooperative, Inc.; and Wise Electric Cooperative, Inc.

[3] The Defendant-Intervenors in the adversary proceeding are: Calpine Corporation; Tenaska Power Services Co.; NRG Energy, Inc.; ENGIE Energy Marketing NA, Inc.; Talen Energy Supply, LLC; Golden Spread Electric Cooperative, Inc.; South Texas Electric Cooperative; and NextEra Energy Marketing, LLC.

**INTRODUCTION**

The merits of this appeal present important issues that will determine whether Debtor Brazos Electric Power Cooperative ("<u>Brazos</u>") can ask a federal bankruptcy court to selectively reprice the Texas energy market for Brazos alone, contrary to the governing orders of Texas state energy regulators. At this stage, however, the question before this Court is simple: Should this Court grant leave to appeal and resolve those critical threshold issues now, before the bankruptcy court proceeds to trial in February 2022? Or should this Court instead deny leave to appeal, and thereby force the bankruptcy court and the parties to endure weeks of trial on matters that the bankruptcy court may well have no authority to decide? The answer is clear: established precedent and judicial economy confirm that this Court should grant the motion for leave to appeal and resolve these critical threshold issues now, before the bankruptcy-court trial in this case begins on February 22. Waiting until the bankruptcy court enters final judgment in the adversary proceeding in the interest of further developing the record would serve no purpose; the record for the issues on appeal is set. What is left to try in this case has no bearing on whether the bankruptcy court should have abstained from deciding Brazos's pricing claims or whether the Public Utility Commission of Texas ("PUCT") is an indispensable party.

Leave to appeal is proper when: (1) the appeal presents a controlling question of law; (2) there are substantial grounds for difference of opinion; and (3) resolving the question presented will materially advance the case.[4] As the parties' briefs and the arguments at this Court's December 29, 2021 hearing confirm, each of those factors is readily met here. This Court should grant leave to appeal and resolve the critical threshold issues presented in this appeal now, and ensure that the

---

[4] *See, e.g.*, *In re Ichinose*, 946 F.2d 1169, 1177 (5th Cir. 1991); *Enviro-Lite Sols., LLC v. Edinburg Consol. Indep. Sch. Dist.*, 2021 WL 3832818, at *6 (S.D. Tex. Feb. 24, 2021); *In re Royce Homes LP*, 466 B.R. 81, 94 (S.D. Tex. 2012).

bankruptcy court and the parties are not forced to waste time, money, and other resources at trial on matters that the bankruptcy court has no power to resolve.

## I.     This Appeal Raises Controlling Questions of Law.

As this Court's December 29 hearing made clear, the first factor warranting leave to appeal—whether the appeal raises a controlling question of law—is plainly met here. In fact, this appeal raises two controlling questions of law: (1) whether the bankruptcy court was required to abstain from deciding challenges that ask it to selectively reprice the Texas energy market as to Brazos, because those challenges should instead be adjudicated by Texas regulators and Texas state courts; and (2) along similar lines, whether those challenges require the joinder of PUCT as an indispensable party, such that the PUCT's absence prevents the bankruptcy court from resolving the claims at issue.[5]

At the hearing, Brazos offered only one basis for suggesting that these critical issues somehow are not controlling questions of law: that these issues arise only with respect to certain claims in the adversary complaint, and so resolving them would not resolve the entire adversary proceeding.[6] But the law is well settled that a question need not resolve the *entire case* to warrant leave to appeal; instead, it need only resolve a *substantial portion* of the case, such that "interlocutory reversal might save time for the [bankruptcy] court, and time and expense for the litigants."[7] The questions presented in this appeal do precisely that. Resolving them in Appellants'

---

[5] *See* Dkt. 46, Transcript of Dec. 29, 2021 Hearing ("Tr."), at 10–11; *see also, e.g., Burford v. Sun Oil Co.*, 319 U.S. 315 (1943); *Wilson v. Valley Elec. Membership Corp.*, 8 F.3d 311, 313–14 (5th Cir. 1993); Fed. R. Civ. P. 12(b)(7), 19.

[6] *See* Tr. 24–25.

[7] 16 Fed. Prac. & Proc. § 3930 n.26 & surrounding text; *see also, e.g., Johnson v. Burken*, 930 F.2d 1202, 1206 (7th Cir. 1991) ("[C]ontrolling" means "serious to the conduct of the litigation, either practically or legally" (citation omitted)).

favor would result in the dismissal of multiple Counts of Brazos's complaint in their entirety, which would substantially narrow the scope and length of the trial. The parties could avoid any need to adjudicate the complex factual issues that would otherwise arise from Brazos's attempt to selectively reprice the charges it incurred in the Texas energy market (including, most notably, the exceptionally difficult if not impossible question of what energy prices the hypothetical market would have produced during Winter Storm Uri if Appellant Electric Reliability Council of Texas ("ERCOT") had not been bound to charge the prices required by the PUCT's orders).[8] Put simply, the questions presented in this appeal are legal questions that control the threshold issue of whether the bankruptcy court can properly decide the bulk of Brazos' claims. Those controlling questions should be resolved by this Court *before* the bankruptcy court proceeds to a trial on matters that it has no authority to decide.

## II.     There Are Substantial Grounds for Difference of Opinion.

The second factor warranting leave to appeal—whether there are substantial grounds for difference of opinion on the questions presented—is also readily met here, as the parties' briefs and the discussion at the December 29 hearing demonstrate. Indeed, if there had been no substantial grounds for difference of opinion after the December 29 hearing, there would have been no need for this Court to request supplemental briefs.[9] This Court should grant leave to appeal and resolve the serious questions this appeal presents.

As the December 29 hearing showed, Brazos has no persuasive basis for its assertion that there are no substantial grounds for difference of opinion here. Its primary argument on this factor

---

[8] *Contra* Tr. 25 (counsel for Brazos asserting that the issues presented in this appeal will not "impact or limit the scope of trial or the burden [on] the parties").

[9] *See* Tr. 47 (request from the Court that the parties "supplement our conversation this morning" with further briefing).

at the hearing was that ERCOT chose to file a claim in the bankruptcy case, and so (according to Brazos) ERCOT cannot challenge the bankruptcy court's authority to determine the amount of its claim.[10] That is wrong both on the law and on the facts. As a legal matter, whether ERCOT "chose" to file its claims is irrelevant. Whether a federal bankruptcy court should abstain from hearing issues that belong in state courts and state regulatory proceedings, and dismiss adversary proceedings that lack an indispensable party, do not turn on whether the claimant "chose" to file a claim.[11] Brazos cites no authority whatsoever for its contrary view, underscoring the substantial grounds for difference of opinion here.

In any event, Brazos's assertion that ERCOT "chose" to file its claim is disingenuous. As explained at the hearing, the bankruptcy court (at Brazos's request) entered an order that compelled ERCOT to either file its priority claim by the bar date.[12] The fact that ERCOT filed its claim under those circumstances—rather than potentially losing its right to the $1.9 billion that Brazos owes it and that ERCOT is required by Texas law to seek to collect—was hardly a voluntary choice. And in any event, that "choice" certainly does not authorize the bankruptcy court to ignore that it clearly should abstain from deciding issues that belong in the state courts or dismiss claims that lack an indispensable party.[13]

---

[10] *See, e.g.*, Tr. 22, 26, 41.

[11] *See Wilson*, 8 F.3d 314 (listing factors governing abstention, none of which turn on how the underlying claim arose); Fed. R. Civ. P. 12(b)(7), 19 (same for indispensable parties).

[12] Tr. 37-39; *see* Debtor's Motion for Entry of an Order Setting Bar Dates for Filing Proofs of Claim, Including Requests for Payment Under Section 503(b)(9), Bankr. Dkt. 348; Order Setting Bar Dates for Filing Proofs of Claim, Including Requests for Payment Under Section 503(b)(9), Bankr. Dkt. 515.

[13] Brazos's digression at the hearing onto the subject of executory contracts, *see* Tr. 28, is likewise a red herring. The nature of the contract has nothing to do with the federalism interests that underlie the abstention doctrine, nor do they factor into the rules that govern the indispensable-party question. *See Burford*, 319 U.S. at 317–18; Fed. R. Civ. P. 12(b)(7), 19. So too for Brazos's suggestion that the PUCT could or should have resolved the indispensable-party problem by

Brazos's only other noteworthy effort at the December 29 hearing to dispute the substantial grounds for difference of opinion here was to argue that no case has applied abstention principles to require dismissal in the bankruptcy context.[14] That is not correct. As explained at the hearing, the Fifth Circuit in *Wilson* squarely applied *Burford* abstention to affirm dismissal of certain adversary claims in a bankruptcy case.[15] That is hardly surprising: Bankruptcy courts, like all federal courts, are bound by the principles of *Burford* to refrain from deciding issues that belong in state courts. That is why Brazos cannot cite any case adopting *its* remarkable view that the federalism principles of *Burford* may bind a federal bankruptcy court if they are raised by the debtor, but somehow lose their force if they are raised by a creditor. In short, the case law here favors Appellants, not Brazos; and to the extent the issue is "difficult and of first impression," that only confirms that there are "substantial grounds for difference of opinion" here.[16]

## III.   Resolving This Appeal Now Would Materially Advance This Proceeding.

The third and final factor governing leave to appeal—whether immediate appeal would materially advance the adversary proceeding—is likewise easily met in this case. By deciding the critical threshold issues presented in this appeal now, this Court will materially advance the adversary proceeding by saving both the bankruptcy court and the parties from substantial,

---

waiving its sovereign immunity and intervening, as Texas plainly is not required to forego its sovereign immunity and have claims involving its sovereign interests adjudicated in federal court just because Brazos would prefer it. *Contra* Tr. 29.

[14] Tr. 25–28.

[15] Tr. 45–46; *see Wilson*, 8 F.3d at 313–14.

[16] *In re IBI Sec. Serv.*, 174 B.R. 664, 670 (E.D.N.Y. 1994) (quoting *Klinghoffer v. S.N.C. Achille Lauro*, 921 F.2d 21, 25 (2d Cir. 1990)); *see also, e.g.*, *Adhikari v. Daoud & Partners*, No. CIV.A. 09-CV-1237, 2010 WL 744237, at *8 (S.D. Tex. Mar. 1, 2010) (recognizing that courts have generally found that "novel and difficult questions of first impression" can provide substantial grounds for difference of opinion); *Ryan v. Flowserve Corp.*, 444 F. Supp. 2d 718, 724 (N.D. Tex. 2006) (same).

unnecessary effort (and multiple days of testimony at trial) on issues that the bankruptcy court has no authority to resolve. As already explained, the issues presented in this appeal will squarely control much of what the parties present at trial.[17] Absent immediate appeal, the parties will have to spend potentially weeks at trial disputing how the Texas energy market would have been priced if ERCOT had ignored the PUCT's orders—as Brazos wrongly claims ERCOT was required to do. The bankruptcy court will have to spend substantial effort deciding that question (which the parties will then have to dispute further on any subsequent appeal). Judicial efficiency thus weighs heavily in favor of granting leave for an immediate appeal and resolving before trial the threshold question of whether the bankruptcy court has the authority to decide Brazos's attempt to selectively reprice the charges it incurred in the Texas energy market.

As Appellants stated at the hearing, Appellants are willing to brief the merits of this appeal on whatever expedited basis this Court deems necessary to resolve the appeal before trial begins on February 22—or, if this Court prefers, Appellants are equally willing to have this appeal certified to the Fifth Circuit for direct review.[18] As Brazos itself agreed at the hearing, this case "needs to be done quickly, promptly."[19] The only question is whether to resolve the issues presented in this appeal now, before trial, or instead force the bankruptcy court and the parties to endure perhaps weeks of unnecessary testimony at trial before the exact same issues are presented in a post-trial appeal. Appellants respectfully submit that there is no persuasive reason to delay

---

[17] *See supra* pages 3–4; *see also* Tr. 32, 36–37. *Contra* Tr. 25 (counsel for Brazos asserting that the issues presented in this appeal will not "impact or limit the scope of trial or the burden [on] the parties").

[18] *See* Tr. 18, 33, 40.

[19] Tr. 25.

consideration of the critically important questions presented in this appeal. This Court should grant

leave to appeal and set a schedule for expedited briefing on the merits.

## CONCLUSION

This Court should grant the motion for leave to appeal and resolve the questions presented

before the bankruptcy court begins trial in this case on February 22, 2022.

January 7, 2022

Respectfully submitted,

**MUNSCH HARDT KOPF & HARR, P.C.**

By: */s/ Jamil N. Alibhai*
    Kevin M. Lippman
    Texas Bar No. 00784479
    klippman@munsch.com

    Deborah Perry
    Texas Bar No. 24002755
    dperry@munsch.com

    Jamil N. Alibhai
    Texas Bar No. 00793248
    jalibhai@munsch.com

    Ross Parker
    Texas Bar No. 24007804|
    rparker@munsch.com

    3800 Ross Tower
    500 N. Akard Street
    Dallas, Texas 75201-6659
    Telephone: (214) 855-7500
    Facsimile: (214) 855-7584

**COUNSEL FOR ELECTRIC RELIABILITY
COUNCIL OF TEXAS, INC.**

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**

By: */s/ Ben A. Barnes*
    David R. Seligman, P.C.
    (*pro hac vice* forthcoming)
    300 North LaSalle Street
    Chicago, Illinois 60654
    Telephone: (312) 862-2000
    Facsimile: (312) 862-2200
    Email: david.seligman@kirkland.com

    Mark McKane, P.C.
    (*pro hac vice* forthcoming)
    555 California Street
    San Francisco, California 94104
    Telephone: (415) 439-1400
    Facsimile: (212) 439-1500
    Email: mark.mckane@kirkland.com

    Aparna Yenamandra
    (*pro hac vice* forthcoming)
    601 Lexington Avenue
    New York, New York 10022
    Telephone: (212) 446-4800
    Facsimile: (212) 446-4900
    Email: aparna.yenamandra@kirkland.com

    Ben A. Barnes
    Texas Bar No. 24092085
    SD Tex. No. 2470694
    1601 Elm Street
    Dallas, Texas 75201
    Telephone: (214) 972-1770
    Facsimile: (214) 972-1771
    Email: ben.barnes@kirkland.com

    C. Harker Rhodes IV
    (admitted *pro hac vice*)
    1301 Pennsylvania Avenue, NW
    Washington, DC 20004
    Telephone: (202) 389-5000
    Facsimile: (202) 389-5200
    Email: harker.rhodes@kirkland.com

**COUNSEL FOR CALPINE CORPORATION**

9

**SHEARMAN & STERLING LLP**

By: */s/ C. Luckey McDowell*
    C. Luckey McDowell
    Texas Bar No. 24034565
    Email: luckey.mcdowell@shearman.com

    Ian E. Roberts
    Texas Bar No. 24056217
    2828 N. Harwood Street, Suite 1800
    Dallas, Texas 75201
    Telephone: (214) 271-5777
    Email: ian.roberts@shearman.com

    Joel Moss (admitted *pro hac vice*)
    535 Mission Street, 24th Floor
    San Francisco, CA 94105
    Telephone: (212) 848-4693
    Email: joel.moss@shearman.com

    Jonathan M. Dunworth
    (admitted *pro hac vice*)
    599 Lexington Avenue
    New York, NY 10022
    Telephone: (212) 848-5288
    Email: jonathan.dunworth@shearman.com

**COUNSEL FOR NRG ENERGY, INC., ENGIE
ENERGY MARKETING NA, INC., TALEN
ENERGY SUPPLY, LLC, AND NEXTERA
ENERGY MARKETING, LLC**

## <u>CERTIFICATE OF SERVICE</u>

I certify that on January 7, 2022, I caused a copy of the foregoing document to be served via CM/ECF on all counsel of record in this matter.

*/s/ Jamil N. Alibhai*
Jamil N. Alibhai

4872-8015-4377v.1