UNITED STATES DISTRICT COURT          SOUTHERN DISTRICT OF TEXAS

United States District Court
~~Southern District of Texas~~

**ENTERED**

January 11, 2022

Nathan Ochsner, Clerk

| | | |
|---|---|---|
| Electric Reliability Council of Texas, Inc., *et al.*, | § § § | |
| Appellants, | § § | |
| *versus* | § § | Civil Action H-21-3692 |
| Brazos Electric Power, Cooperative, Inc., *et al.*, | § § § | |
| Appellees. | § § | |

| | | |
|---|---|---|
| *In re* Brazos Electric Power, Cooperative, Inc., | § § § | Bankruptcy 21-30725 |
| Debtor. | § § | |

## Order on Direct Appeal

Brazos Electric Power Cooperative, Inc., is the largest electric cooperative in Texas. It is regulated by the Public Utility Regulatory Commission. The Commission authorized the Electric Reliability Council of Texas to serve as an independent organization to manage the flow of electric power for willing buyers and sellers.

Last year, winter storm Uri hit Texas. After the storm, Brazos filed bankruptcy. It said the Council violated their contract by raising prices during the storm. The Council charged Brazos $2 billion for electricity charges consumed during the storm. The Council says they were following the Commission's orders.

The Electric Reliability Council of Texas seeks to appeal an interlocutory order in the underlying case, *In re Brazos Electric Power*, No. 4:21-cv-3692. The Bankruptcy Court decided it would not abstain from deciding critical questions of the power of Texas to regulate the electricity market. It found that this is a contract issue.

The parties disagree that this is a controlling question. The Council says the Bankruptcy Court should abstain from deciding issues that should be reserved for Texas regulators and Texas state courts. It says this issue would resolve a substantial portion of the case. Brazos says this issue would not materially advance the case because the Commission is not an indispensable party to decide this case. It says the Commission is not part of a contract dispute between the Council and Brazos. It also says the parties should have a complete record before this courts reaches a decision.

The stakes are high for consumers and market participants in the Texas. In February 2022, the Bankruptcy Court plans to hold a trial to litigate this case. The effort that will be expended for the trial is for naught if the threshold issue—whether the Commission has authority to reprice the Texas energy market as it did—remains undecided.

The Supreme Court has said that federal courts should generally abstain from a states regulatory scheme.[1] The interpretation of state authority created by the state legislature should be decided by state courts because the contract issue derives from the Commission's exertion of state authority over the market during the freeze rather than issues under the national constitution. This case may proceed directly to the Court of Appeals.

Signed on January 10, 2022, at Houston, Texas.

Lynn N. Hughes
United States District Judge

---

[1] *See generally*, *Burford v. Sun Oil Co.*, 319 U.S. 315 (1943); *See* Charles Alan Wright *et al*, Federal Practice and Procedure §4241 297-296 (3d ed. 2007).